# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 06-227V
(E- Filed November 27, 2013; Re-issued for Redaction December 3, 2013)

| | |
|---|---|
| * * * * * * * * * * * * * * | **TO BE PUBLISHED** |
| SAEID B. MOJABI and PARIVASH VAHABI, * | |
| as parents and legal representatives * | |
| of their minor son, R.B.M., * | Special Master |
| * | Hamilton-Fieldman |
| * | |
| Petitioner, * | Petitioners' Amended Motion |
| * | for Post-Judgment Relief Pursuant |
| * | to RCFC Appendix B Rule 36 |
| SECRETARY OF HEALTH * | and RCFC Rule 60; |
| AND HUMAN SERVICES, * | E-Government Act of 2002 |
| * | |
| * | |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * * | |

### RULING AND ORDER DENYING PETITIONERS' AMENDED POST-JUDGMENT MOTION FOR RELIEF[1]

This matter is before the Court on Petitioners' Amended Post-Judgment Motion for Relief, filed on October 8, 2013, requesting that certain written opinions be removed from the United States Court of Federal Claims' website. For the reasons set forth below, Petitioners' motion is **DENIED**.

---

[1] When this decision was originally issued, the parties were notified that the decision would be posted in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). The parties were also notified that they could seek redaction pursuant to 42 U.S.C. § 300aa-12(d)(4)(B); Vaccine Rule 18(b). Petitioners made a timely request for redaction and this decision is being reissued with the name of the minor child redacted to initials. With the exception of this change, a change to this footnote, and minor clerical changes, the re-issued decision is the same as the one originally filed.

1

**BACKGROUND**

On, March 23, 2006, Saeid B. Mojabi and Parivash Vahabi ("Petitioners") filed a petition for compensation, as the parents and legal representatives of their minor son, R.B.M., under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. § 300aa-10 *et seq.* (the "Vaccine Act").[2]  Petitioners specifically alleged that R.B.M. had a Table Injury[3] encephalopathy as a result of the measles-mumps-rubella ("MMR") vaccination R.B.M. received on December 19, 2003.  Petition at 1.  In the alternative, Petitioners also alleged that R.B.M. suffered from autism "as a cumulative result of his receipt of each and every vaccination between March 25, 2003 and February 22, 2005." Petition at 1-2.

On May 29, 2009, after reviewing numerous medical records and affidavits submitted by Petitioners, and conducting two separate fact hearings, Chief Special Master Campbell-Smith[4] issued a Revised Ruling Regarding Factual Findings.  Revised Ruling, ECF No. 71.  On August 17, 2009, the evidence of record was supplemented by additional affidavits from physicians who examined R.B.M. during his stay in Iran.  Pet'r's Exs. 29 & 30, ECF No. 75.  On September 3, 2009, the former special master issued an Order Regarding Weight Accorded to Affidavits Provided In Support of Petitioners' Claim, making observations about all of the filed affidavits in this case and not disturbing the earlier factual findings.  Order, ECF No. 83.

Petitioners had also wanted to further supplement the record with a subpoena requiring a treating physician to answer written questions.  Motion for Subpoena at 1, August 13, 2009, ECF No. 73.  Petitioner's Motion for Subpoena was denied, and the former special master issued a revised order with background information to provide context for her ruling.  Order, August 25, 2009, ECF No. 77.  On August 26, 2009, Petitioners filed an Objection to Public Disclosure, a motion requesting that names and

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (2006) (Vaccine Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] The Vaccine Injury Table "lists the vaccines covered under the Act; describes each vaccine's compensable, adverse side effects; and indicates how soon after vaccination those side effects should first manifest themselves. Claimants who show that a listed injury first manifested itself at the appropriate time are prima facie entitled to compensation." *Bruesewitz v. Wyeth LLC*, U.S., 131 S.Ct. 1068, 1073–74 (2011) (citing 42 U.S.C. §§ 300aa–11(c)(1), 300aa–13(a)(1)(A), 300aa–14(a); 42 C.F.R. § 100.3).

[4] This case was reassigned from the former special master to the undersigned pursuant to Vaccine Rule 3(d) on September 23, 2013.  ECF No. 131.

identifying information be redacted from the most recent order, as well as "all past (if possible), and future orders, decisions, and similar documents." Objection, ECF No. 78. Chief Special Master Campbell-Smith granted this redaction request with respect to the most recent order, and a redacted version was issued on August 26, 2010 under the caption "JOHN DOE/42 and JANE DOE/42, as legal representatives of their minor son, MINOR JOHN DOE/42."[5] Order, Order Attachment, ECF Nos. 79, 79-1. Since Vaccine Act petitioners only have a fourteen-day period within which to request redaction, the former special master denied as untimely the request to redact past orders as untimely. Order at 2, August 26, 2009, ECF No. 79. Petitioners' request to prospectively redact future issued orders was also denied; Petitioners were informed that any motion for redaction must be considered with respect to individual documents and that Petitioners had the responsibility for making a renewed motion for redaction.

On October 20, 2009, the former special master issued a ruling transferring Petitioners' autism allegations to the Omnibus Autism Proceedings, and denying Petitioners' Table Injury encephalopathy claim due to lack of sufficient evidence. Ruling, ECF No. 84. That same day, Petitioners filed a timely motion to redact this ruling, which they again titled an "Objection to Public Disclosure." Objection, October 20, 2009, ECF No. 85. The former special master granted this motion, Order, October 22, 2009, ECF No. 86, and a redacted ruling was reissued on October 22, 2009. Ruling, ECF No. 87.

On July 30, 2010, Petitioners sought to introduce previously unobtainable medical records to advance their Table Injury encephalopathy claim. Response to Order to Show Cause, ECF No. 96. The former special master agreed to allow Petitioners additional time to submit these medical records. Order, August 18, 2010, ECF No. 97. On October 28, 2010, Petitioners filed new medical records concerning R.B.M.'s treatment in Iran. Pet'rs' Ex. 31-34, ECF No. 98. Petitioners supplemented these medical records with affidavits from R.B.M.'s family members on May 5, 2011. Pet'rs' Ex. 36-42, ECF No. 104. Based on the new medical records and affidavits, Respondent filed a Vaccine Rule[6] 4(c) supplemental report agreeing that R.B.M. had suffered a Table Injury, and recommending compensation for R.B.M.'s vaccine-related injury. Resp't's Report at 3-5, June 9, 2011 ECF No. 106. According to Respondent, R.B.M. had "encephalitis within five to fifteen days following receipt of the December 19, 2003 MMR vaccine," a Table Injury under 42 C.F.R. § 100.3(a)(III)(B). Resp't's Report at 3, ECF No. 106.

---

[5] As of December 12, 2010, the John Doe and Jane Doe system of redaction is no longer used. Under the current guidelines, following a timely request for redaction, the name of a minor will be redacted down to the initials. Redaction Procedures, http://www.uscfc.uscourts.gov/redaction-procedures.

[6] The "Vaccine Rules" are set forth in Appendix B of the Rules of the United States Court of Federal Claims, as amended through August 30, 2013.

Based on all of the evidence of record, Respondent filed a "Proffer on an Award of Compensation" on December 12, 2012. Proffer, ECF No. 121. On December 13, 2012, this proffered award was accepted and a decision was issued awarding Petitioners $969,474.91 for the benefit of R.B.M., along with $20,000.00 for unreimbursable expenses and $480.34 to satisfy a State of California Medicaid lien. Decision at 2-3, ECF No. 122. Pursuant to Vaccine Rule 11(a), Petitioners and Respondent agreed not to seek review of the decision and judgment was entered on December 17, 2012. Joint Notice, Dec. 13, 2012, ECF No. 123; Judgment, ECF No. 124. No request for redaction was filed. Petitioners were awarded an additional $68,710.50 in attorney's fees and costs. Judgment on Attorney's Fees, Apr. 5, 2013, ECF No. 129. Again, no request for redaction was filed.

Nine months after the entitlement decision issued, on September 9, 2013, Petitioner filed a Post-Judgment Motion for Relief pursuant to Vaccine Rule 36 and Rule 60(b)(1) and (b)(6) of the Rules for the United States Court of Federal Claims ("RCFC"). Motion, ECF No. 130. On September 30, 2013, a digitally-recorded status conference was conducted to address this motion. Order, Oct. 3, 2013, ECF No. 133. Following the status conference, Petitioners contacted the undersigned's chambers to raise additional issues for consideration and were therefore ordered to amend their motion for relief from judgment by October 11, 2013. Order, Oct. 3, 2013, ECF No. 133. On October 8, 2013, Petitioners filed an Amended Post-Judgment Motion for Relief requesting that the undersigned not post their motion or any resultant order on the United States Court of Federal Claims' ("USCFC") website, and also requesting that the undersigned remove the following written opinions from the USCFC website:

- The May 29, 2009, "Revised Ruling Regarding Factual Findings;"

- The September 3, 2009, "Order Regarding Weight Accorded to Affidavits Provided In Support of Petitioners' Claim;"

- The December 13, 2012, "Decision Awarding Damages."

Amended Motion at 10, ECF No. 134.

## **LEGAL STANDARD**

Under Vaccine Rule 36(a), a party may seek relief from a judgment or order pursuant to RCFC 60. The motion for such relief is referred to the special master, to whom the

4

vaccine claim had been assigned previously, if she is still available, for a written ruling. Vaccine Rule 36(a)-(b).  Because there is little case law interpreting RCFC 60, and because RCFC 60 is identical to Rule 60 of the Federal Rules of Civil Procedure (FRCP), *see Webster v. United States*, 93 Fed.Cl. 676, FN1 (2010), the undersigned considers instructive decisions interpreting FRCP 60 in the analysis that follows.

Under RCFC 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Before granting relief pursuant to a Rule 60(b) motion, the reviewing decision-maker may consider first whether the underlying claim is a legally tenable one. *See Curtis v. United States*, 61 Fed. Cl. 511, 512–13 (2004). In *Curtis*, the judge required evidence that the claim was meritorious[7] prior to the grant of Rule 60(b) relief to avoid the "empty exercise" of vacating the judgment. *Id.* (quoting *Teamsters, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 20 (1st Cir.1992)).

Under RCFC 60(b)(1), relief may be granted for "mistake, inadvertence, surprise, or excusable neglect." Under RCFC 60(b)(6) the court may vacate a judgment for "any other reason that justifies relief." RCFC 60(b)(6).  To obtain relief from judgment under Rule 60(b)(6), however, a showing of "extraordinary circumstances" is required. *Kennedy v. Sec'y of Health & Human Servs.*, 99 Fed. Cl. 535, 548 (2011) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)).  Rule 60(b)(6) permits the decision-maker to grant relief from judgment to a party in circumstances from which a "grave miscarriage of justice" would otherwise result.  *Id.* at 540 (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). Moreover, Rule 60(b)(6) may be used "to vacate judgments whenever such action is appropriate to accomplish justice." *Freeman v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 280, 284 (1996) (citing *Solitron Devices, Inc. v. United States*, 16 Cl.Ct. 561, 564 (1989)) (granting a request for relief because the "petitioners appear to have been misled by their attorney" and therefore "lost an opportunity to have their case decided based upon its merits").  But generally, relief will not be granted if "substantial rights of the party have not been harmed by the judgment or order." *Vessels v. Sec'y of Health & Human Servs.*, 65 Fed. Cl. 563, 568 (2005) (citing *Curtis v. United States*, 61 Fed. Cl. 511, 512 (2004)).

Importantly, Rules 60(b)(1) and 60(b)(6) are mutually exclusive. *Pioneer Investment Servs. Co. v. Brunswick Ass. LP.,* 507 U.S. 380, 393 (1992)(citations omitted).  A movant seeking relief from judgment premised on inadvertence and neglect cannot obtain relief under Rule 60(b)(6) as well. *See Stevens v. Miller*, 676 F.3d 62, 67–68 (2d Cir.2012) (citing *Klaprott v. United States*, 335 U.S. 601 (1949)).

The E–Government Act instructs all federal courts to establish and maintain a website with "[a]ccess to the substance of all written opinions issued by the court,

---

[7] The Court of Federal Claims broadly defined a meritorious claim as one that "states a legally tenable cause of action." *Curtis*, 61 Fed. Cl. 511 at 513 (quoting *Stelco Holding Co. v. United States*, 44 Fed. Cl. 703, 709 (1999)).

regardless of whether such opinions are to be published in the official court reporter." E–Government Act of 2002, Pub.L. No. 107–347, § 205(a)(5), 116 Stat 2899, 2913 (codified as amended at 44 U.S.C. § 3501 (2006)). The Judicial Conference has defined "written opinions" as "any document issued by a judge ... that sets forth a reasoned explanation for a court's decision," and has given the authoring judge the responsibility for determining what constitutes a written opinion. *See Access to Court Information Ever Expanding*, THE THIRD BRANCH (Newsletter of the Federal Courts), July 2007, *available at* http://www.uscourts.gov/News/TheThirdBranch/07-07-01/Access_to_Court_ Information_Ever_Expanding.aspx (reporting the definition); *see also Report of the Proceedings of the Judicial Conference of the United States* 7 (Mar. 15, 2005), *available at* http://www.uscourts.gov/FederalCourts/JudicialConference/Proceedings/ Proceedings.aspx?doc=/uscourts/FederalCourts/judconf/proceedings/2005-03.pdf (approving the definition).

To protect the privacy of petitioners, the Vaccine Rules allow a petitioner 14 days to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). This rule provides limited guidance, but the factual determination about what information may be redacted "appears to be…., at least in the first instance, [committed] to the discretion of the special master" *Langland. v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 at *4 (Fed. Cl. Spec. Mstr. Feb 3, 2011). Under common law redaction was rarely available, and there was "a strong presumption favoring public access to judicial records and proceedings." *Id.* at *7 (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598–99 (1978)). The Vaccine Act perpetuates that strong presumption. A special master's discretion to order redaction is very limited; the party requesting redaction "must satisfy a substantial burden to demonstrate a right to redaction." *Id.* at *11. Pursuant to Vaccine Rule 18, the identity of parties cannot be redacted. However, to protect the identity of minors, and to acknowledge that an action has been undertaken on their behalf without the possibility of their meaningful consent, Vaccine Rule 16 provides that "if a petition is filed on behalf of a minor, the caption may include only the minor's initials." Vaccine Rule 16(b).

## **DISCUSSION**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Petitioners are satisfied with the judgment rendered and have not requested that the undersigned vacate judgment and reopen their case—they are merely seeking to have this judgment be made less publicly available. RCFC 60(b) is therefore inapplicable to Petitioners' requests.

Petitioners have requested that three documents be removed from the USCFC website: (1) the May 29, 2009 Revised Ruling Regarding Factual Findings, (2) the September 3, 2009 Order Regarding Affidavits, and (3) the December 13, 2012 Decision Awarding damages.  Amended Motion at 10, ECF No. 134. In addition, Petitioners' request that the undersigned refrain from posting the motion under consideration, and any order ruling on the motion under consideration.  Petitioners have made these requests because they have had the misfortune of being frequently contacted by members of the media who mistakenly believe they were compensated for their alternative autism allegation when Petitioners were actually compensated for a Table Injury encephalopathy.  Amended Motion at 3-6, ECF No. 134.  Unfortunately for Petitioners, under the E-Government Act, the undersigned must post all "written opinions"—any filing that the undersigned determines to contain a reasoned explanation for the undersigned's action—on the USCFC website.[8]

All of the previously posted documents that Petitioners would like removed from the USCFC website were determined to be written opinions under the E-Government Act.  Each of these written opinions included a footnote on the front page, similar to the first footnote contained in this order, indicating that they would be posted on the USCFC website and remind Petitioners that they had 14 days to request redaction before the entire opinion became publicly available.  The undersigned must abide by the E-Government Act—neither RCFC 60(b), nor any other Court of Federal Claims Rule or Vaccine Rule, gives a special master authority to contravene the E-Government Act.  The undersigned simply does not have the authority to remove "written opinions" from the USCFC website.  Petitioners' requests to remove the May 29, 2009 Revised Ruling Regarding Factual Findings, the September 3, 2009 Order Regarding Affidavits, and the December 13, 2012 Decision Awarding Damages from the USCFC website are therefore **DENIED**.

The E-Government Act is inapplicable to the current motion under consideration because it does not contain a reasoned explanation of a judicial officer.  However, to protect the privacy of Vaccine Act Petitioners, all docketed filings are kept under seal and are not publicly available via PACER[9] or any other source—only the "court personnel and counsel of record" may access these sensitive filings.  Supplement (Electronic Case Filing Procedure) at ¶ 26, RCFC Appendix B; *see also* 42 U.S.C. § 300aa-12(d)(4)(A).  No

---

[8] *See* http://www.uscfc.uscourts.gov/.

[9] "Public Access to Court Electronic Records (PACER) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district and bankruptcy courts, and the PACER Case Locator via the Internet. PACER is provided by the federal [j]udiciary in keeping with its commitment to providing public access to court information via a centralized service." PACER, http:// www.pacer.gov/ (last visited November 18, 2013).

motion from a Vaccine Act Petitioner would ever be posted on the USCFC website. Accordingly, the request to not post the current motion under consideration is **DEEMED MOOT.**

This order contains a reasoned explanation for the undersigned's action in response to Petitioners' Amended Post-Judgment Motion for Relief, therefore, it is a "written opinion" that must be posted on the USCFC website in accordance with the E-Government Act. Petitioners' request that the undersigned not post any order that results from the current motion under consideration is therefore **DENIED.** However, pursuant to footnote 1 of this order, Petitioners may request redaction of this order.

Petitioners' only available possible protection from media attention would have been a motion to redact under Rule 18(b) and a motion to redact R.B.M.'s name to initials pursuant to Rule 16(b). Petitioners have requested redaction in the past and it has been granted. Objections, August 26, 2009, October 20, 2009, ECF Nos. 78, 85; Orders, August 26, 2009, October 22, 2009, ECF Nos. 79, 86. In addition, every posted document that Petitioner has requested be removed from the USCFC website contained a footnote reminding Petitioners that they had 14 days to request redaction before the entire opinion became publicly available. However, Petitioners did not request redaction at the time, and "are **NOT** requesting that the subject documents be redacted" now. Amended Motion at fn. 1, ECF No. 134 (emphasis in original). If they were moving for redaction, it would be untimely and therefore denied, because the parties have only 14 days following the issuance of an opinion to request redaction under Rule 18(b).

Had a timely motion for redaction been made, the scope of the undersigned's redaction powers is limited and could not fulfill the requests made in Petitioner's Amended Post-Judgment Motion for Relief. R.B.M.'s name would have been redacted to his initials pursuant to Rule 16(b), and Petitioners could have attempted to overcome the substantial burden of demonstrating the right to redact the medical records, although the medical records are crucial to the basis of the decision in this case, and mere unwanted media attention does not constitute a clearly unwarranted invasion of privacy. *See Langland. v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 at *11 (Fed. Cl. Spec. Mstr. Feb 3, 2011) (denying a request for redaction, except for the name of the minor child). However, no amount of redaction would have removed the initial alternative autism allegation or the fact that an award of compensation was made—the basis for the media's misunderstanding and misinterpretation.

As discussed above, Petitioner's Amended Post-Judgment Motion for Relief is **DENIED IN ITS ENTIRETY.**

**IT IS SO ORDERED.**

<u>Lisa Hamilton-Fieldman</u>
Lisa Hamilton-Fieldman
Special Master